Herbert, J.
The appellant, Director of Highways, claims that the Court of Appeals erred in affirming the judgment of the Court of Common Pleas which held that the verdict of the jury was within the evidence and complied with the requirements of separate findings of the value of thé property and the damages to the residue as set forth in Section 5519.02, Bevised Code.
A claim of the director that the verdict was against the manifest weight of the evidence was decided adversely to him in the Court of Common Pleas and in the Court of Appeals. This court is not required to determine as to the weight of the evidence. Section 2505.31, Bevised Code.
Therefore, the only question presented by this appeal is the question of law whether there was any evidence presented at the trial to sustain the jury’s verdict and valuation of the land and improvements appropriated.
The jury heard five witnesses who gave testimony about the dollar value of the land and improvements, and the dollar value of the damages to the residue. These witnesses were experts in the appraisal of real estate, and their opinions of the value of the land and improvements varied from $8,299.50 to $11,727, and of the amount of the damages to'the residue, from $9,232 to *526 $19,711. Each witness testified as to his opinion on the total amount of compensation and damages, the lowest dollar value for the total to be paid for the appropriated property being $17,531.50 and the top value, $31,438.
The verdict returned by the jury is for $15,906.80 as compensation for the land and improvements taken and $9,127.80 as damages to the residue, the total being $25,034.60. The value found by the jury for the land and improvements taken is $4,179.80 in excess of the highest value in evidence. The amount of the damages to the residue found is $104.20 less than the minimum amount testified to. The total compensation and damages awarded were well within the range of testimony on those subjects.
The contention of the director is that under the language of Section 5519.02, Revised Code, the verdict of the jury, in an appropriation case, must be within the range of the evidence as to each of the separate claims for compensation for the taking of the land and improvements and for damages to the residue, and that it is not sufficient if the sum total of the verdict is within the sum total in evidence.
Pertinent in the consideration of the question thus presented are Section 19, Article I of the Ohio Constitution, and Sections 5519.01 and 5519.02, Revised Code.
Section 19, Article I, provides:
“Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in mqney, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner. ’ ’
Section 5519.01, Revised Code, provides in part as follows:
“The director shall, in such finding, fix what he deems the value of such property appropriated, together with damages to the residue and deposit the value thereof, together with such *527 damages with the Probate Court or the Court of Common Pleas of the county within which such property, or a part thereof, is situated * *
Section 5519.02, Eevised Code (127 Ohio Laws, 425), provided in part as follows:
“ * # * The court shall fix a day, not more than 20 days after it has determined that appeal has been properly perfected, for the trial of the case by jury. * * * ( i
“At the conclusion of the trial the court shall charge the jury and the jury shall find and return a verdict, separately, upon each claim for compensation and damages appealed from. If a new trial is not granted for cause shown, the court shall render a judgment in favor of the appellants for the amount of the verdict returned by the jury in their favor. * * * ”
Section 19, Article I of the Ohio Constitution, provides that where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and that “such compensation shall be assessed by a jury.”
“It is universally conceded that the amount of compensation to be paid an owner for the land which has been taken from him by exercise of the power of eminent domain is a judicial question and cannot be decided by the legislature. * * *
“While the legislature has been held to possess a limited right to provide for certain criteria to be used in the determination of the compensation, it has become settled that the ultimate power to determine such question lies with the judiciary.” 3 Nichols on Eminent Domain, 157.
This is the situation in Ohio. Section 5519.01, Eevised Code, supra, providing that the director shall fix what he deems “the value of such property appropriated, together with damages to the residue and deposit the value thereof,” and Section 5519.02, Eevised Code, providing that upon motion by either party “the jury * * * shall examine the property taken and the property * * * claimed to be damaged thereby,” that “the parties shall offer their evidence to the jury under the direction of the court in accordance with the rules of law and procedure governing eases in the Court of Common Pleas,” and that “the jury shall *528 find and return a verdict, separately, upon each, claim for compensation and damages appealed from,” are not subject to a construction that they are intended as a limitation on the authority of the jury to assess the compensation for the property taken.
These sections are procedural in nature. A situation such as this was considered by the Supreme Court of Arkansas in the recent case of Board of Directors, St. Francis Levee Dist. v. Morledge (Ark., 1960), 332 S. W. (2d), 822. In that case, the Legislature, by statute, had named five items of damage in condemnation cases, and it was claimed that the landowner was limited to those five items of damages. The court, at page 830, stated: “We hold that the Legislature had the right to call the attention of the condemnor to these five elements of damage as particularly worthy of consideration; but that it was beyond the power of the Legislature to limit the landowner to these five elements of damage as mentioned in the two acts. * * * The landowner is entitled to all the damages which may reasonably flow from the taking of his property * *
The law of Ohio, as found in the Constitution and the procedural statutes, provides that the jury shall assess the compensation and the damages and is entitled to make that determination from all the evidence in the case.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Griffith, Bell and O’Neill, JJ., concur.
Taft, J., concurs in the syllabus but dissents from the judgment.
Zimmerman, acting C. J., and Matthias, J., dissent.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Griffith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Zimmerman, J.